The reason relied on for the reversal, was the admission °f improper evidence. The facts are stated in the opinion 0f the Court.
Southard J.
On the day of adjournment, or first day set for the trial, the plaintiff made an affidavit, that Henry Kuhl of Philadelphia, was a material witness, without whose testimony, he could not safely go to trial,.a.nd it was adjourned for a fortnight. On the 6th of January, between the first and last days appointed for the trial, and in the absence of the defendant, the plaintiff applied for, and obtained a commission, directed to Samuel Badger, esq. of Philadelphia, to take the examination of the said Henry Kuhl. No notice was given to the defendant, by the justice, of the issuing of this commission, nor did it appear at the trial, that he had any such notice from any other person, or any opportunity of examining the interrogatories, or of annexing others. When the plaintiff offered to read the examination, taken under this commission, in evidence, the defendant objected thereto; but the court overruled the objection, and permitted the examination to be read to the jury.
These facts, appear by the transcript, and by an additional return of the justice, made under a rule of this court; and this opinion of the court, is now assigned as error for the reversal of the judgment.
It is certainly a first and general principle, in all trials, civil and criminal, that a party shall not have evidence used against him, which he has not had an opportunity of investigating and canvassing; he shall not be con *131 demned upon proof which he has not a chance of resisting. When a witness is examined in open court, the opposite party is allowed to cross examine him with a rigour and latitude, not permitted to the one who calls him ; when a deposition is to be used, he has notice to attend the taking of it. In almost every court, and kind of trial, this principle is preserved. A violation of it, would not comport with our ideas of common justice.
*The provisions of our statute, respecting the Court for Small Causes do not violate or encroach upon, but support and maintain this principle. The 10th section of the supplement to the act constituting that court, passed November 29, 1809 (Bloom. 79) extends to it, the three first sections of the law, which prescribes the mode of issuing commissions, for the examination of witnesses, who are out of the state ; found in Pat. 374. That law provides, that either party upon satisfying the court, by proof, of the materiality of a witness, may, upon motion in the Court, have a commission with interrogatories annexed to it, issued for his examination; and these interrogatories, “ shall be drawn and signed, by the parties or their counsel, &c. or such of them as shall request the said commission, and be approved of by the court. And each party shall be at liberty, with the approbation of the said court, &c. to insert in the said interrogatories, such questions as he or she may think necessary or proper.”
The injunctions of this act, are plain. It needs no comment to illustrate or elucidate it. The motion is to be made “ in open court;” no doubt with the view, that the other party may be apprized of it; “each party shall be at liberty to insert his questions,” which cannot be done while one of them is utterly ignorant that the commission is to be issued.
Upon looking into the papers, I confess 1 do not see, how the defendant could have aided himself, by any questions which he might have annexed; and perhaps this might have been the impression of the justice, as it certainly was, of the counsel who argued the cause. And, as the questions are to be inserted “ with the approbation of the Court,” the justice might have acted under the belief that no additional questions were proper, and there *132 fo^e no notice to the defendant necessary. But if so, he •has misconstrued the law. The party, best understands, and is the only judge, what evidence is necessary to maintain his cause. The law'never intended to wrest this right out of his hands, or to debar him from it, and the exercise of cross examination. The “ approbation” spoken of merely extends to the discretion and judgment, which the court must exercise, as to the legality and admissibility of the questions'; but it confers no power, to prevent a party from knowing of the commission, and annexing such questions as áre relevant and legal. It is not competent for the court, in this or any case, to say to a party, *you shall put no questions, because they would be useless to you. It has no such right. It might as well, upon a viva voce examination, tell a party, your opponent has asked every question that is necessary, you shall not therefore cross examine. Though certainly contrary to probability, yet it may be, that Kuhl, did know some fact, upon which Wilson, might successfully have rested his defence; and knowing that the plaintiff had sworn he was a material witness for himself, he may have relied upon examining him when brought, or uniting in the commission, if one should be issued. It is the opinion of the whole court, that the commission issued im providently ; that the testimony of Kuhl, was inadmissible, and therefore,
That the Judgment ought to be reversed.